April 6, 2020

Hon. Laurel Beeler
U.S. District Court for the Northern District of California
San Francisco Courthouse, Courtroom B - 15th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

Re: ***VDPP LLC v. Facebook Technologies, LLC***, **Case No. 3:19-cv-04597-LB – Joint Letter Regarding Discovery Disputes (Infringement Contentions)**

Dear Judge Beeler:

### I.     Statement of the Unresolved Issue

Pursuant to Paragraph 4 of the Court's Standing Order, Defendant Facebook Technologies, LLC ("Facebook") and Plaintiff VDPP LLC ("VDPP") submit this joint letter brief regarding a discovery dispute. The unresolved issue is whether the Court should strike VDPP's infringement contentions for failure to comply with N.D. Cal. Patent L.R. 3-1. Lead counsel signing this letter certify that, because VDPP's counsel is located in Illinois and Facebook's counsel is located in California, lead counsel met and conferred by telephone on March 30, 2020, and were unable to resolve this dispute.

### II.    Summary of Each Party's Position

#### A.     Facebook's Position

##### 1.     VDPP's Contentions Should Be Stricken for Failure to Incorporate the Promised Source Code References

VDPP had access to Facebook's source code for the accused products starting January 8, 2020. (Ex. 1 (Letter P. Mao to M. Wawrzyn).) On February 6, 2020, the parties stipulated to an extension because during the January 23, 2020 case management conference, VDPP "noted that VDPP may request more time to complete the infringement contentions to incorporate references to source code that Facebook made available for review." (ECF No. 55 at 1.) On February 21, 2020, Facebook asked "when VDPP intends to disclose an expert, and when it plans to review Facebook's source code." (Ex. 2, Email P. Lauppe to M. Wawrzyn.) VDPP did nothing: did not disclose an expert, did not review the source code, and did not ask for additional information it now alleges it needed to locate such an expert to review the code.

Instead, VDPP served contentions on March 12, 2020 that did not comply with N.D. Cal. Local P.R. 3-1, which requires a "chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality." "[T]he degree of specificity under Local Rule 3-1 must be sufficient to provide reasonable notice to the defendant [as to] why

Hon. Laurel Beeler
April 6, 2020
Page Two

the plaintiff believes it has a 'reasonable chance of proving infringement.'" *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (citations omitted). "A plaintiff cannot satisfy its Rule 3–1 obligations with nothing more than a conclusion based 'on information and belief' that something exists or occurs." *Tech. Properties Ltd. LLC v. Samsung Elecs. Co.*, 114 F. Supp. 3d 842, 845 (N.D. Cal. 2015) (internal citations and quotations omitted).

VDPP's contentions (Exs. 3-10) are incomplete, lack detail, and parrot claim language rather than provide actual support for their contentions, such as the citations to source code promised to the Court and Facebook. VDPP's neglect of its promise to review Facebook's code resulted in contentions that give Facebook effectively no notice of VDPP's infringement positions.

### 2. The Oculus Contentions Should Be Stricken ('444 and '922 Patents)

VDPP's charts purporting to map the '444 and '922 patents against the accused Oculus Quest, Go, and Rift products are deficient in multiple ways. For the first two sets of claim elements, VDPP simply shows photos of "the inside of a [Quest/Go/Rift]" and places arrows purporting to point to a "storage component" and "processor." (Exs. 4-6 and 8-10 at 1-2.) VDPP does not otherwise identify the purported "storage component" (*id.*), instead parroting claim language and citing irrelevant details. Such lack of detail with respect to these elements pervades VDPP's charts. (*Id.*)

With respect to what VDPP calls "black frame insertion" or "BFI" in the '444 and '922 patents, VDPP provides *no* explanation for "why the plaintiff believes it has a 'reasonable chance of proving infringement'" for the Quest product. *Shared Memory Graphics*, 812 F. Supp. 2d at 1025 (citation omitted). Instead, VDPP alleges that in 2012, Oculus (a predecessor to Facebook Technologies) contracted with Mark Rejhon, who purportedly "solved the problem of 'motion blur,' changing the mode of the backlight unit from continuous to low persistence mode" and that this is called "black frame insertion" or "BFI." (Exs. 5 and 9 at 3.) VDPP's musings about Mr. Rejhon's alleged consulting seven years ago is not linked to any accused product and not supported by any actual evidence, research or testing and thus fails to comply with Patent L.R. 3-1. *See Tech. Properties*, 114 F. Supp. 3d at 850 ("[R]eliance on 'information and belief,' Wikipedia, legal conclusions and cursory analysis rather than evidence to establish specific claim limitations and representativeness does not comport with Patent L.R. 3–1."). Here, VDPP's entire allegation merely parrots claim language, alleging that the Quest processor "performs the steps of generating a black bridge frame" and "practices the invention of claim 27 by generating a solid black bridge frame and inserting the bridge frame between the modified image frames." (Exs. 5 and 9 at 3.)

VDPP's chart for the Go accused product (Ex. 4 at 3) makes a further allusion to some unidentified "testing" described on Mr. Rehjon's blog that VDPP alleges "disclose[s] BFI" in the Oculus Go product, but it makes no reference to "black frame insertion" or "BFI." VDPP does not point to the specific portions of this blog post on which it relies, explain how the alleged

Hon. Laurel Beeler
April 6, 2020
Page Three

testing was done, or allege that VDPP performed any testing of its own. This similarly fails to comply with Patent L.R. 3-1. *See Tech. Properties*, 114 F. Supp. 3d at 850.

Finally, VDPP's chart for the Rift accused product summarizes purported testing done by VDPP. (Exs. 6 and 10 at 3.) This testing purported to rely on videos, but these videos do not demonstrate that VDPP has a "reasonable chance of proving infringement." The pertinent high-speed camera video at 1000 frames per second at best merely shows a strobe like effect – this does not demonstrate the practice of each step of "generat[ing] a bridge frame, wherein the bridge frame is a solid color, wherein the bridge frame is different from the first image frame and different from the modified image frame; display[ing] the modified image frame; and display[ing] the bridge frame." (Exs. 6 and 10 at 3; https://www.dropbox.com/s/l7x4p7xrjvyodmm/Oculus_Nov102017_1000fos.mp4?dl=0.)

### 3. The Portal Contentions Should Be Stricken ('452 Patent)

VDPP's chart with respect to the '452 patent as to the accused Facebook Portal product is also deficient. For the first element, VDPP merely points to a "SanDisk Embedded 32 GB Flash Disk" as a "storage component," but fails to explain how this storage component "houses video data as a sequence of image frames." (Ex. 7 at 1.) For the second element, VDPP claims to point to a "processor" made by Qualcomm, but this is actually a PM8998 Power Management Chip – not a processor. VDPP provides no evidence that this power management chip "is adapted to obtain two video streams" or that "the first image" and "second image" are "displayed on the screen and stitched together." (Ex. 7 at 2.)

With respect to the final set of elements, VDPP asserts without context or citation to any materials that the Portal "generate[s] a [first/second/third] modified image frame." (Ex. 7 at 3.) VDPP's "evidence" is that the Portal has a camera that it claims can zoom and an LCD display with three primary colors, without linking it to the claimed generation and removal of portions of images from a stitched image frame claimed in Claim 2. (Ex. 7 at 3-4.) VDPP's mere parroting of claim language with inapposite references to the accused product is insufficient.

### B. VDPP's Position

VDPP's infringement contentions specify where and how the accused devices infringe the patents-in-suit. Facebook's argument above demonstrates this, as Facebook argues about the quality of the evidence reflected in the claim charts. In other words, VDPP put Facebook on notice of the theory of infringement, and now is the time under the local rules for Facebook to produce the source code that purportedly shows non-infringement.

### 1. VDPP complied with LPR 3-1(c).

For example, VDPP alleges that the Quest device infringes Claim 2 of the '922 patent. Claim 2 includes a processor adapted to obtain a first image frame from a first video stream and then expand the first image frame to generate a first modified image frame. (Ex. 9 at 2.) VDPP identifies the processor as a Snapdragon 835, and VDPP alleges that the Quest stores a YouTube

Hon. Laurel Beeler
April 6, 2020
Page Four

VR application that feeds the Snapdragon 835 the first video stream. (*Id.*) Further, VDPP alleges that the Snapdragon 835 expands a first image frame from the YouTube app to prepare the image frame for the display on the 1440 x 1660 per eye resolution on the Quest device. (*Id.*)

Claim 2 also requires that the first modified image frame is displayed with a black bridge frame. (Ex. 9 at 3.) Claim 2 covers a method known in the art as "black frame insertion" or "BFI." (*Id.*) VDPP's pre-complaint investigation disclosed that Facebook's predecessor contracted for the services of Mark Rejhon. This predecessor entity of Facebook's wanted to solve the problem of "motion blur" in virtual reality ("VR") devices. (*Id.*) VDPP has statements of Mr. Rejhon that Mr. Rejhon solved the "motion blur" problem in VR devices by changing the backlight unit from continuous to low persistence mode. (*Id.*) VDPP alleges that Mr. Rejhon's solution was incorporated into the Quest, and this solution meets the BFI limitation of Claim 2. (*Id.*)

With respect to the Go device, VDPP includes evidence from Mr. Rejhon's website, reflecting evidence that the Go device has "strobing"—which VDPP alleges to be BFI. (Ex. 8 at 3.) With respect to the Rift device, VDPP conducted its own tests, comparing video capturing 30 frames per second (fps) with video capturing 1000 fps. (Ex. 8 at 3.) VDPP alleges that its tests demonstrate BFI. (*Id.*)

VDPP alleges that Facebook's Portal device infringes Claim 2 of the '452 patent. Claim 2 calls for a processor that stitches together two image frames. (Ex. 7 at 2.) VDPP uses a "tear down" of the Portal, and VDPP points to the camera and processor that VDPP alleges stitches together two image frames. (*Id.*) Further, VDPP identifies the Portal as having an LCD display, and VDPP shows an image of the Portal: the product of the stitching of two image frames (from the camera of the caller and from the internet of the callee). (*Id.*) VDPP alleges that the Portal includes a backlight layer, which VDPP asserts is the "bridge frame" of Claim 2. (*Id.* at 3.)

Claim 2 requires generation of a first, second, and third modified image frames and blending each modified image frame with the bridge frame. (Ex. 7 at 3.) VDPP alleges that the Portal's LCD screen comprises three sub-pixels (red, blue, and green). (*Id.*) VDPP alleges that the Portal infringes Claim 2 by generating modified image frames by stripping out two of the three sub-pixels from each stitched image. (*Id.*) VDPP alleges that that the modified image frames of the Portal are then blended with the backlight layer (i.e., the bridge frame), as claimed in the '452 patent. (*Id.*)

Facebook's cases illustrate why VDPP has complied with the patent local rules. The patentee should identify in its infringement contentions specifically where the accused device infringes and how the accused device infringes, and the patentee should include all facts discovered during the pre-complaint investigation. *Shared Memory Graphics*, 812 F. Supp. 2d at 1025. The patentee is not required to produce proof of infringement, but rather set forth the theory of infringement that the plaintiff believes it has a reasonable chance of proving. *Id.*; *see also Tech. Properties*, 114 F. Supp. 3d at 851 (plaintiff cannot wait for discovery, but rather must perform an analysis on facts gathered).

Hon. Laurel Beeler
April 6, 2020
Page Five

Facebook complains that VDPP merely identifies components, but this is exactly what VDPP is charged with doing: "Where Plaintiff has identified specific chips . . . which allegedly constitute particular elements of a claim, Defendants have been given reasonable and sufficient notice to which they can respond and defend." *Shared Memory Graphics*, 812 F. Supp. 2d at 1025.

In that case, the Court held that the infringement contentions were deficient because the plaintiff cited nothing to suggest why the plaintiff believed the accused device met the "bus" limitation of the asserted claim. *Id.* Here, VDPP is not asking the Court or Facebook to *assume* the Rift, Quest, and Go practice the BFI limitation. Instead, VDPP relies on the public statements of Mr. Rejhon, his testing, and VDPP's testing. Rather than an absence or hole in the plaintiff's infringement theory—as in *Shared Memory*—here Facebook takes issue with the quality of VDPP's infringement theory.

In addition, VDPP does more than simply *allege* strobing is another name for Black Frame Insertion (BFI). The two terms are synonymous to one of ordinary skill in the art. (https://en.wikipedia.org/wiki/Display_motion_blur). This argument between the parties—whether "strobing" is "BFI"—again illustrates that VDPP has put Facebook on notice. Facebook is complaining about quality of the evidence, which should not be the subject of a motion to strike infringement contentions.

**2.      VDPP is not required to cite source code.**

"Once a plaintiff has served adequate charts," the defendant must produce source code, specifications, schematics, flow charts, art work, for example. *Tech. Properties*, 114 F. Supp. 3d at 845. Now that Facebook has VDPP's theory of infringement, Facebook should produce these materials that Facebook asserts support its defense.

Facebook made its source code generally available. In response, VDPP interviewed potential experts witnesses regarding this case and reviewing the source code. These experts could not scope the work that would be required, without more specific designations of source code, schematics, specifications—that is, the materials Facebook is required to produce in a couple months.

The patent local rules call for exactly what VDPP's potential expert witnesses all asked.

## III.     Each Party's Final Proposed Compromise

**Facebook's Proposal:**  The Court should strike VDPP's infringement contentions for failure to comply with Patent L.R. 3-1 and due to its failure to include any source code citations despite requesting and receiving an extension to incorporate such source code into its contentions.

**VDPP's Proposal:** VDPP respectfully requests that the Court enter an order denying Facebook's motion.

Hon. Laurel Beeler
April 6, 2020
Page Six

| | |
|---|---|
| Date: April 6, 2020 | Respectfully submitted, |
| /s/ Matt Wawrzyn | /s/ Heidi L. Keefe |
| Todd C. Atkins (SBN 208879)<br>tatkins@atkinsdavidson.com<br>ATKINS & DAVIDSON, APC<br>2261 Rutherford Road<br>Carlsbad, CA 92008<br>Tel: 619.665.3476 | HEIDI L. KEEFE (178960)<br>(hkeefe@cooley.com)<br>MARK R. WEINSTEIN (193043)<br>(mweinstein@cooley.com)<br>PATRICK W. LAUPPE (322218)<br>(plauppe@cooley.com)<br>COOLEY LLP<br>3175 Hanover Street<br>Palo Alto, CA  94304-1130<br>Telephone:     (650) 843-5000<br>Facsimile:     (650) 849-7400 |
| Matthew M. Wawrzyn<br>(*pro hac vice*)<br>matt@wawrzynlaw.com<br>WAWRZYN LLC<br>2700 Patriot Blvd, Suite 250<br>Glenview, IL 60026<br>Telephone:  847.656.5848 | |
| *Attorneys for Plaintiff*<br>*VDPP LLC* | PHILLIP E. MORTON (*pro hac vice*)<br>(pmorton@cooley.com)<br>COOLEY LLP<br>1299 Pennsylvania Avenue, NW<br>Suite 700<br>Washington, DC 20004<br>Telephone: (202) 842-7800<br>Facsimile: (202) 842-7899 |
| | *Attorneys for Defendant*<br>*Facebook Technologies, LLC* |

## FILER'S ATTESTATION

I, Heidi L. Keefe, am the ECF user whose ID and password are being used to file this LETTER BRIEF RE INFRINGEMENT CONTENTIONSS.  In compliance with Civil Local Rule 5.1(i)(3), I hereby attest that counsel for Plaintiff VDPP LLC has concurred in this filing.

/s/ Heidi Keefe
Heidi Keefe