# EXHIBIT 3

Todd C. Atkins (SBN 208879)
tatkins@atkinsdavidson.com
ATKINS & DAVIDSON, APC
2261 Rutherford Road
Carlsbad, CA 92008
Telephone: 619.665.3476

Matthew M. Wawrzyn (*pro hac vice*)
matt@wawrzynlaw.com
WAWRZYN LLC
2700 Patriot Blvd., Suite 250
Glenview, IL 60026
Telephone:  847.274.9844

*Attorneys for VDPP LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VDPP LLC,<br><br>                    Plaintiff,<br><br>           v.<br><br>FACEBOOK TECHNOLOGIES, LLC,<br><br>                    Defendant. | Case No. 3:19-CV-04597 (LB)<br><br>**DISCLOSURE OF ASSERTED CLAIMS, INFRINGEMENT CONTENTIONS, AND ACCOMPANYING DOCUMENT PRODUCTION** |

Pursuant to Patent Local Rules 3-1 and 3-2 and the Court's Scheduling Order, Plaintiff VDPP LLC ("VDPP") makes the following disclosures to Defendant Facebook Technologies, LLC ("Facebook").

**Rule 3-1 Disclosures**

**(a)    Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted[.]**

VDPP alleges that Facebook infringes Claim 27 of U.S. Patent No. 9,699,444 (the "'444 patent") based on acts prohibited by 35 U.S.C. § 271(a).

VDPP alleges that Facebook infringes Claim 2 of U.S. Patent No. 9,948,922 (the "'922

Infringement Contentions                          -1-                          Case Nos. 3:19-CV-04597 (LB)

patent") based on acts prohibited by 35 U.S.C. § 271(a).

VDPP alleges that Facebook infringes Claim 2 of U.S. Patent No. 9,426,452 (the "'452 patent") based on acts prohibited by 35 U.S.C. § 271(a).

**(b)    Each accused apparatus, product, device, process, method, act, or other instrumentality[.]**

VDPP alleges that Claim 27 of the '444 patent covers all versions of the Facebook virtual reality headsets Quest, Rift, and Go.

VDPP alleges that Claim 2 of the '922 patent covers all versions of the Facebook virtual reality headsets Quest, Rift, and Go.

VDPP alleges that Claim 2 of the '452 patent covers all versions of the Facebook device Portal.

**(c)    Claim chart.**

See Exhibit A.

**(d)    Indirect infringement allegations.**

VDPP alleges that Facebook directly infringes the patents-in-suit.

**(e)    Literal infringement or infringement under the doctrine of equivalents.**

VDPP alleges that each element of the asserted claims is literally present in the accused products; however, VDPP reserves the right to request leave to assert infringement under the doctrine of equivalents.

**(f)    Priority dates.**

The '444 patent is entitled to a priority date of January 23, 2001.

The '922 patent is entitled to a priority date of January 23, 2001.

The '452 patent is entitled to a priority date of January 23, 2001.

**(g)    VDPP products and methods practicing the asserted invention.**

VDPP does not preserve the right to rely on its or its licensees' products.

**(h)     Timing of Infringement / Damages.**

On information and belief, Facebook's first infringement with the Rift device occurred on or about March 28, 2016. Damages have continued to accrue until the expiration of the '444 patent and the '922 patent.

On information and belief, Facebook's first infringement with the Go device occurred on or about May 1, 2018. Damages have continued to accrue until the expiration of the '444 patent and the '922 patent.

On information and belief, Facebook's first infringement with the Quest device occurred on or about May 21, 2019. Damages have continued to accrue until the expiration of the '444 patent and the '922 patent.

On information and belief, Facebook's first infringement with the Portal device occurred on or about November 8, 2018. Damages have continued to accrue until the expiration of the '452 patent.

**(i)     Basis for willful infringement against Facebook.**

VDPP does not allege willful infringement. VDPP reserves the right to assert that Facebook's infringement is willful if such a contention is adequately supported by evidence discovered in the discovery process.

### Rule 3-2 Production

(a)     **Documents evidencing pre-application disclosures:** N/A.

(b)     **Documents evidencing conception, reduction to practice, design, and development that pre-date priority date:** N/A.

(c)     **A copy of the file history for the '444 patent** See Ex. B; **the '922 patent** See Ex C; and **the '452 patent** See Ex. D

(d)     **Documents evidencing ownership of the patents-in-suit:** See Ex. E

(e)     **Documents sufficient to show the operation of VDPP's products:** N/A.

**(f)** **Agreements transferring an interest in the patents-in-suit:** See Ex. E.

**(g)** **All agreements comparable to a hypothetical reasonable royalty:** N/A.

**(h)** **All agreements that may otherwise be used to support damages:** N/A.

**(i)** **Marking of VDPP's products:** N/A.

**(j)** **F/RAND commitment:** N/A.

Dated: March 12, 2020

*/s/ Matthew Wawrzyn*
Todd C. Atkins (SBN 208879)
tatkins@atkinsdavidson.com
ATKINS & DAVIDSON, APC
2261 Rutherford Road
Carlsbad, CA 92008
Tel: 619.665.3476

Matthew M. Wawrzyn (*pro hac vice*)
*matt@wawrzynlaw.com*
WAWRZYN LLC
2700 Patriot Blvd., Ste 250
Glenview, IL 60026
Telephone:  847.274.9844

*Attorneys for VDPP LLC*